IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONALD JASON LEWIS                                                                                   PLAINTIFF

v.                           Civil No. 3:22-cv-03014-TLB-MEF

HEIDI PARKER, Jail Administrator,
Searcy County Detention Center; and
JAIL ADMINISTRATOR TRACY
SUTTERFIELD                                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey an Order of the Court.

**I. DISCUSSION**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Searcy County Detention Center.

This case was originally filed in the Eastern District of Arkansas. Prior to the transfer of the case to this Court, Plaintiff was ordered (ECF No. 6) by Magistrate Judge J. Thomas Ray to file a Second Amended Complaint by December 29, 2021. On April 6, 2022, the case was transferred to this district. On April 8, 2022, a Show Cause Order (ECF No. 12) was entered. Plaintiff was directed to show cause by April 29, 2022, why he had failed to file the Second

Amended Complaint.  Plaintiff was advised that if he failed to respond to the Show Cause Order the case "shall be subject to dismissal."

To date, Plaintiff has not filed a Second Amended Complaint or responded to the Show Cause Order.  No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 4th day of May 2022.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE